# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| MICHAEL INGRAM | ) | Case No. 15-18635 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | Date:  December 4, 2015 |
| | ) | Time: 10:30 a.m. |

## NOTICE OF MOTION

To:   See Attached Service List

PLEASE TAKE NOTICE that on **December 4, 2015 at 10:30 a.m.** or as soon thereafter as counsel may be heard, the undersigned will appear before the Honorable Donald R. Cassling, Bankruptcy Judge, or such other judge as may be sitting in his stead, at the Kane Courthouse, 100 S 3rd Street, Courtroom 240, Geneva, Illinois 60134 and shall then and there present the attached **ROUTINE MOTION FOR FINAL EXTENSION OF TIME TO OBJECT TO DISCHARGE AND DISCHARGEABILITY OF DEBT**, at which you may appear.

PLEASE TAKE FURTHER NOTICE THAT THE MOTION IS A ROUTINE MOTION UNDER LOCAL RULE 9013-9(A)(5) AND, ACCORDINGLY, THE ATTACHED PROPOSED ORDER MAY BE ENTERED BY THE COURT WITHOUT PRESENMENT IN OPEN COURT UNLESS A PARTY IN INTEREST NOTIFIES THE JUDGE OF AN OBJECTION THERETO PURSUANT TO LOCAL RULE 9013-9(C)

    Respectfully submitted,
    **WATERFALL OLYMPIC MASTER FUND GRANTOR TRUST, SERIES II,** as successor by assignment to Byline Bank, an Illinois banking association

    By:   /s/  *Kevin H. Morse*
        One of its Attorneys

    Kevin H. Morse (06297244)
    ARNSTEIN & LEHR, LLP
    120 South Riverside Plaza
    Chicago, IL 60606
    Phone: (312) 876-7100
    Fax: (312) 876-0288

## CERTIFICATE OF SERVICE

I, Kevin H. Morse, an attorney, certify that I caused a copy of the foregoing NOTICE OF MOTION and ROUTINE MOTION FOR FINAL EXTENSION OF TIME TO OBJECT TO DISCHARGE AND DISCHARGEABILITY OF DEBT to be served on the parties listed on the service list below by U.S. Mail, postage prepaid, and/or the Court's ECF System, on November 20, 2015.

By: /s/ *Kevin H. Morse*

## SERVICE LIST

*Via U.S. Mail*:

Michael Ingram
3 Grant Sq
Hinsdale, IL 60521

Insights Industries, Inc.
c/o Michael Ingram, Registered Agent
3 Grant Sq., #101
Hinsdale, IL 60521

Hinsdale United Limousine Services, Inc.
c/o Michael Ingram, Registered Agent
3 Grant Sq., #101
Hinsdale, IL 60521

Sherrin Ross Ingram
5408 Challen Place
Downers Grove, Illinois 60515

*Via ECF*:

Brenda Porter Helms, ESQ
brenda.helms@albanybank.com,
bhelms@ecf.epiqsystems.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Kevin H Morse on behalf of Creditor Byline
Bank f/k/a North Community Bank
khmorse@arnstein.com

112819300.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| **MICHAEL INGRAM** | ) | Case No. 15-18635 |
| | ) | |
| Debtor. | ) | Hon. Donald R. Cassling |
| | ) | |
| | ) | Date:  December 4, 2015 |
| | ) | Time: 10:30 a.m. |

**ROUTINE MOTION FOR FINAL EXTENSION OF TIME TO OBJECT TO DISCHARGE AND DISCHARGEABILITY OF DEBT**

Waterfall Olympic Master Fund Grantor Trust, Series II, as successor by assignment to Byline Bank, an Illinois banking association ("Waterfall"), by and through its counsel, Kevin H. Morse of Arnstein & Lehr LLP, hereby presents this motion (the "Motion") for a final extension of time to object to the discharge of Michael Ingram (the "Debtor") and dischargeability of the debt owed to Waterfall pursuant to 11 U.S.C. § 523 and § 727 and Federal Rules of Bankruptcy Procedure 4004 and 4007.  In support of this Motion, Waterfall states as follows:

**I.      Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b).

**II.     Background Facts**

3. On May 28, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Chapter 7 Case").

-1-

4. On December 3, 2014, the Circuit Court of Cook County – Law Division entered an order of judgment in favor of Waterfall's assignor, Byline Bank f/k/a North Community Bank ("Byline"), and against the Debtor and his former company Insights Industries, Inc. in the amount of $367,825.25. That same day, Byline recorded a memorandum of judgment with the Cook County Recorder of Deed, as document # 1433919068.

5. On January 7, 2015, Byline served the Debtor with an amended citation to discover assets and amended citation notice. The amended citation was served on Debtor at a residence located at 5408 Challen Place, Hinsdale, Illinois (the "Challen Residence").

6. Debtor's bankruptcy petition lists 3 Grant Square, Hinsdale, Illinois 60521 as the Debtor's street address – the Debtor's mailing address is left blank. The 3 Grant Square address is for a UPS Store. According to a zillow.com search, the Challen Residence is a 4,092 square foot single family home with 8 bathrooms and an estimated value of at least $854,311. At his § 341(a) meeting of creditors, Debtor testified that the Challen Residence is owned entirely by his wife who has not worked in several years. The Debtor also testified that he contributes $1,500-$2,500 per month to pay the Challen Residence mortgage.

7. Additionally, the Debtor's bankruptcy schedule B states that the Debtor does not own any stock or interest in any company or interests in partnerships or joint ventures. The Debtor's bankruptcy schedule I states that the Debtor is a limousine driver. The Illinois secretary of state website shows that the Debtor owns a limousine company called "Hinsdale United Limousine Service, Inc." The Debtor also testified at this § 341(a) meeting of creditors that he had gross income of only $20,000 in 2014 and, as of his initial meeting date, only $10,000 gross income. These numbers are out of skew with the Debtor's testimony that he contributes $1,500-2,500 each month for his wife's mortgage payments. Moreover, the Debtor's statement of

financial affairs state the Debtor did not have any income over the two year period preceding the bankruptcy case.

8.      Finally, over the previous five-ten years, Insights Industries, Inc – another undisclosed company owned by the Debtor – owned several parcels of real estate that have been transferred or possibly sold.  The cook county recorder of deeds history of ownership is unclear who currently owns these properties or if the Debtor or his agents still own the properties.

9.      On November 20, 2015, Waterfall served Rule 2004 subpoenas on (1) the Debtor; (2) Insights Industries, Inc.; (3) Hinsdale United Limousine Service, Inc. and (4) the Debtor's wife, Sherrin Ross Ingram.  The deadline for the respondents' responses is on or before December 4, 2015.

### III.    Relief Requested

10.     By this Motion, Waterfall seeks a final extension of time to object to the Debtor's discharge or the dischargeability of debt owed to Waterfall for an additional forty-five (45) days, to and including January 21, 2015.

### IV.    Basis for Relief

11.     Federal Rule of Bankruptcy Procedure 4004(b) states that "[o]n motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge."  Fed. R. Bankr. P. 4004(b).  Federal Rule of Bankruptcy Procedure 4007(c) contains nearly identical language authorizing the Court to extend the time to object to the dischargeability of debt "for cause."  Fed. R. Bankr. P. 4007(c).  Rules 4004(b) and 4007(c) require the Motion seeking an extension of time to be filed before the current deadline has expired.

12. In this case, cause exists for a final extension of time to permit Waterfall to review the documents produced by the Debtor, his spouse, and his companies pursuant to Rule 2004. The Debtor's material omissions and misstatements in his bankruptcy schedules and petition may be enough to object to Debtor's discharge. However, the final extension is necessary because the documents requested are critical to Waterfall's determination whether assets have been concealed, assets exist to be recovered and, even if discharge is denied, whether Waterfall may ever be able to collect its debt. Based on the information required, and minimal delay requested, Waterfall requests a final extension of time to object to the Debtor's discharge and/or the dischargeability of debt owed to Waterfall.

WHEREFORE, Waterfall Olympic Master Fund Grantor Trust, Series II, as successor by assignment to Byline Bank, an Illinois banking association, respectfully requests that this Court enter the attached order: (i) extending the time in which Waterfall has to file an objection to the dischargeability of debt pursuant to 11 U.S.C § 523 for an additional forty-five (45) days; (ii) extending the time in which Waterfall has to file an objection to discharge pursuant to 11 U.S.C § 727 for an additional forty-five (45) days; and (iii) granting such other relief as this Court may deem just and proper.

Respectfully submitted,
**WATERFALL OLYMPIC MASTER FUND GRANTOR TRUST, SERIES II,** as successor by assignment to Byline Bank, an Illinois banking association


By: /s/ *Kevin H. Morse*

Kevin H. Morse (06297244)
ARNSTEIN & LEHR LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel: (312) 876-7100
Fax: (312) 876-0288